UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JONATHAN NICHOLAS ALEXANDER, personal representative for ESTATE OF JONATHAN ALEXANDER, et al.,

        Plaintiffs,

    v.

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a State of California agency, et al.,

        Defendants.

No. 2:11-cv-00640-MCE-CKD

MEMORANDUM AND ORDER

----oo0oo----

Per his Motion (ECF No. 19), Thornton L. Davidson ("Counsel") seeks leave of this Court to withdraw as Plaintiffs' attorney. For the following reasons, Counsel's Motion is DENIED without prejudice.[1]

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

In June of 2010, Decedent Jonathan Alexander ("Decedent") was murdered by a fellow inmate while incarcerated at the Deuel Vocational Institution in Tracy, California.  Decedent's children, Jonathan Nicholas Alexander, individually and as personal representative for the Estate of Jonathan Alexander, and Amber Dawn Alexander, by and through her Guardian Ad Litem Jonathan Nicholas Alexander ("Plaintiffs"), subsequently initiated this action against, among others, the California Department of Corrections and Rehabilitation ("CDCR") and the Secretary of the CDCR (collectively "Defendants").

According to Counsel, he became involved in the case some time prior to August of 2010 when the attorney representing the inmate that had killed Decedent advised him Plaintiffs needed representation to preserve their statutory rights.  Counsel's Decl., ¶ 3.  Plaintiffs retained Counsel, who filed first a claim with the California Victim Compensation and Government Claims Board and then the Complaint here.  Id., ¶¶ 4-6.

Counsel has now filed a Motion to Withdraw as Attorney.  In his Motion, Counsel contends that this case "goes beyond a wrongful death or in-custody death" and that it instead "addresses various problems that are ingrained in the state's prison system, their effect on the in-custody care of Plaintiffs' father and his assailant, as well as how that care may have contributed to Plaintiffs' father's death."  Motion, 2:25-27.  Given the complexity of these issues, Counsel thus believes his firm lacks the time and resources to litigate this matter.

2

1 Counsel's Dec., ¶ 7.  As such, to avoid the commencement of
2 proceedings Counsel feels he is not qualified to pursue, Counsel
3 has not yet effected service of the Complaint.  <u>Id.</u>, ¶ 8.
4    In addition, Counsel has contacted other attorneys in an
5 attempt to locate substitute representation for his clients.
6 <u>Id.</u>, ¶ 9.  As of the filing of his motion, however, no substitute
7 counsel had been retained, and Counsel thus seeks to leave his
8 clients <u>in propria persona</u>.  <u>Id.</u>  No opposition to this motion
9 was filed, but Counsel advised the Court that Plaintiffs believe
10 he has a duty to litigate their claims.  <u>Id.</u>, ¶ 10.

**STANDARD**

14    In this district, "an attorney who has appeared may not
15 withdraw leaving the client <u>in propria persona</u> without leave of
16 court upon noticed motion and notice to the client and all other
17 parties who have appeared."  E.D. Cal. Local Rule 182(d).
18 "Withdrawal as attorney is governed by the Rules of Professional
19 Conduct of the State Bar of California."  <u>Id.</u>  California Rule of
20 Professional Conduct 3-700(C)(6) permits a member of the State
21 Bar to seek to withdraw when "[t]he member believes in good
22 faith...that the tribunal will find the existence of...good cause
23 for withdrawal."  However, "[a] member shall not withdraw from
24 employment until the member has taken reasonable steps to avoid
25 reasonably foreseeable prejudice to the rights of the client,
26 including giving due notice to the client, allowing time for
27 employment of other...and complying with applicable laws and
28 rules."  California Rules of Professional Conduct 3-700(A)(2).

3

Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit." E.D. Cal. Local Rule 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, 2009 WL 89141, *1 (E.D. Cal.).

**ANALYSIS**

The Court sympathizes with Counsel's predicament and is inclined to find that his motion is supported by good cause. See, e.g., Segal v. State Bar, 44 Cal. Ed 1077, 1084 ("If an attorney lacks the time and resources to pursue a client's case with reasonable diligence, he or she is obliged to decline representation."). That being said, this Court is not convinced the prejudice to Plaintiffs from withdrawal is as minimal as Counsel believes or that Counsel has done all that is reasonably necessary to assist Plaintiffs in locating substitute representation.

Indeed, leaving Plaintiffs to proceed in propria persona at this juncture is potentially prejudicial to their interests in that the Complaint is currently subject to dismissal pursuant to Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); see also Order Requiring Joint Status Report, ¶ 1 (ECF No. 8).

4

1 | Moreover, the Estate of Jonathan Alexander will suffer additional
2 | prejudice upon Counsel's withdrawal since, as an entity, it is
3 | unable to represent its own interests before this Court.  <u>See</u>,
4 | <u>e.g.</u>, E.D. Cal. Local Rule 183(a) ("A corporation or other entity
5 | may appear only by an attorney.").
6 |      In addition, Counsel's general assertions that he has
7 | "contacted attorneys across California to find a firm that is
8 | better suited to litigate this matter" and that he is still
9 | "awaiting responses" are insufficient to persuade this Court he
10 | has taken reasonable steps to avoid prejudice to his clients.
11 | Counsel's Decl., ¶ 9.  This Court needs much more detailed
12 | information as to the specific and affirmative means Counsel has
13 | employed to assist his clients in their search for substitute
14 | counsel.  The Court will not permit Counsel to withdraw until it
15 | is convinced he has done everything reasonably possible to secure
16 | such substitute representation.
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**CONCLUSION**

Accordingly, for the reasons just stated, Counsel's Motion to Withdraw (ECF No. 19) is DENIED without prejudice.  Unless Counsel renews his motion in the interim, not later than thirty (30) days following the date this Order is electronically filed, Plaintiffs are ordered to file a Joint Status Report advising this Court as to the status of this case.

IT IS SO ORDERED.

Dated: February 16, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE