UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN NICHOLAS ALEXANDER, personal representative for ESTATE OF JONATHAN ALEXANDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a State of California agency, et al., <br><br> Defendants. | No. 2:11-cv-00640-MCE-CKD <br><br><br><br><br><br> MEMORANDUM AND ORDER |

----oo0oo----

Per his Motion (ECF No. 27), Thornton L. Davidson ("Counsel") seeks leave of this Court to withdraw as Plaintiffs' attorney. For the following reasons, Counsel's Motion is GRANTED.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

In June of 2010, Decedent Jonathan Alexander ("Decedent") was murdered by a fellow inmate while incarcerated at the Deuel Vocational Institution in Tracy, California. Decedent's children, Jonathan Nicholas Alexander, individually and as personal representative for the Estate of Jonathan Alexander, and Amber Dawn Alexander, by and through her Guardian Ad Litem Jonathan Nicholas Alexander ("Plaintiffs"), subsequently initiated this action against, among others, the California Department of Corrections and Rehabilitation ("CDCR") and the Secretary of the CDCR (collectively "Defendants").

According to Counsel, he became involved in the case some time prior to August of 2010 when the attorney representing the inmate that had killed Decedent advised him Plaintiffs needed representation to preserve their statutory rights. Counsel's Decl., ¶ 3. Plaintiffs retained Counsel, who filed first a claim with the California Victim Compensation and Government Claims Board and then the Complaint here. Id., ¶¶ 4-6.

Subsequently, on December 15, 2011, Counsel filed a Motion to Withdraw as Attorney (ECF No. 17), which this Court later denied. Counsel has now renewed his Motion and filed a Supplemental Declaration providing additional support for his request.

///
///
///
///

In his current Motion, as in his first, Counsel contends that this case "goes beyond a wrongful death or in-custody death" and that it instead "addresses various problems that are ingrained in the state's prison system, their effect on the in-custody care of Plaintiffs' father and his assailant, as well as how that care may have contributed to Plaintiffs' father's death." Motion, 2:24-27. Given the complexity of these issues, Counsel thus believes his firm lacks the time and resources to litigate this matter. Counsel's Decl., ¶ 7. By way of his Supplemental Declaration, Counsel has also now clarified that he suffers from a medical condition rendering his representation of Plaintiffs in this case detrimental to both him and to his clients. Counsel's Supplemental Decl., ¶¶ 3-9. As such, to avoid the commencement of proceedings Counsel feels he is not qualified to pursue, Counsel has not yet effected service of the Complaint. Counsel's Decl., ¶ 8.

In the meantime, Counsel has contacted other attorneys in an attempt to locate substitute representation for his clients. Id., ¶ 9. As of the filing of his instant Motion, however, no substitute counsel had been retained, and Counsel thus seeks to leave his clients in propria persona. Id. No opposition to this Motion was filed, but Counsel advised the Court that Plaintiffs believe he has a duty to litigate their claims. Id., ¶ 10.

///
///
///
///
///

3

**ANALYSIS**

In this district, "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. Local Rule 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California." Id. The California Rules of Professional Conduct permit a member of the State Bar to seek to withdraw when either "[t]he member's mental or physical condition renders it difficult for the member to carry out the employment effectively," or "[t]he member believes in good faith...that the tribunal will find the existence of...good cause for withdrawal." Cal. Rule Professional Conduct, Rule 3-700(C)(4),(6). However, "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other...and complying with applicable laws and rules." Id., Rule 3-700(A)(2). Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit." E.D. Cal. Local Rule 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, 2009 WL 89141, *1 (E.D. Cal.).

///
///
///

1    Having considered all papers submitted to the Court,
2 including both of Counsel's declarations, the Court now finds his
3 Motion to be supported by good cause.  <u>See</u>, <u>e.g.</u>, Cal. Rule
4 Professional Conduct, Rule 3-700(C)(4), (6); Canandaigua Wine
5 Co., 2009 WL 89141, *2; <u>Segal v. State Bar</u>, 44 Cal. 3d 1077, 1084
6 ("If an attorney lacks the time and resources to pursue a
7 client's case with reasonable diligence, he or she is obliged to
8 decline representation.").  In addition, any prejudice to
9 Plaintiffs by being left to litigate this action <u>in propria</u>
10 <u>persona</u> is outweighed by the prejudice that would befall them if
11 they continue to be represented by an attorney who admittedly
12 lacks the appropriate financial and personal resources to
13 properly prosecute their case.  Moreover, Plaintiffs have been on
14 notice for months now that Counsel intended to withdraw, and
15 Plaintiffs have thus had ample opportunity to locate substitute
16 counsel.  Accordingly, because Counsel's request is procedurally
17 proper, unopposed and supported by good cause, the Motion to
18 Withdraw is now GRANTED.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

**CONCLUSION**

For the reasons just stated, Counsel's Motion to Withdraw (ECF No. 27) is GRANTED. Thornton L. Davidson is relieved as counsel of record for Plaintiffs effective upon the filing of proof of service of this signed order on Plaintiffs at their last known addresses:

> 1114 Orange #2
> Redding, CA 96001

IT IS SO ORDERED.

Dated: April 20, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6