IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHON ALEXANDER,

        Plaintiff,        CIV S-11-640 MCE CKD PS

        vs.

STATE OF CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION, et al.,        ORDER

        Defendant.
_____/

        This wrongful death action was referred to the undersigned pursuant to Local Rule 302(c)(21). The action arises out of the murder of plaintiffs' father while he was incarcerated. On March 21, 2011, plaintiff Jonathon Alexander was appointed as guardian ad litem to represent the interests of his sister, plaintiff Amber Alexander, an incompetent person presently confined to a mental institution. At the time of appointment, plaintiffs were represented by counsel in this action. On April 23, 2012, counsel's motion to withdraw was granted and plaintiffs are now proceeding pro se.

        An incompetent person can only proceed if represented by counsel. Johns v. County of San Diego, 114 F. 3d 874, 877 (9th Cir. 1997) (minors must be represented by attorney); see also Meeker v. Kercher, 782 f.2d 153, 154 (10th Cir. 1986) ("it is not in the interest

1

of minors or incompetents that they be represented by non-attorneys"). Although plaintiff Amber Alexander is not a minor, given her present confinement, she is incompetent to proceed in this action on her own behalf. Plaintiff will therefore be granted a limited time period in which to obtain counsel.

The complaint alleges that the two named plaintiffs are two of the three children of the decedent. Under California Code of Civil Procedure § 377.60, all three children have the right to bring a wrongful death action. Plaintiffs will therefore be directed to show cause, in writing, why the third child referenced in the complaint should not be joined as a plaintiff in this action.

This matter is currently set for status conference before the undersigned on June 6, 2012. The action has been pending since March 8, 2011. Under Federal Rule of Civil Procedure 4(m), service of process is to be completed within 120 days of filing of the complaint. This action has now been pending over thirteen months. At the status conference, plaintiffs are advised that the status of service of summons on defendants will be addressed.

Accordingly, IT IS HEREBY ORDERED that:

1. No later than May 30, 2012, plaintiffs shall obtain counsel and file a substitution of attorneys. Failure to obtain counsel will result in a recommendation this action be dismissed without prejudice.

2. No later than May 23, 2012, plaintiffs shall show cause why the sibling referenced in the complaint should not be joined as a party plaintiff.

\\\
\\\
\\\
\\\
\\\
\\\

3.  No later than May 23, 2012, plaintiffs shall file a status report. In the status report, plaintiffs shall specifically outline what steps have been taken to effectuate service of summons in this action.

Dated: April 25, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
alexander.minor

3