1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN NICHOLAS ALEXANDER,        No.  2:11-cv-0640 TLN CKD
     ET AL.,
12
              Plaintiffs,
13                                        **ORDER AND ORDER TO SHOW CAUSE**
          v.
14
     CALIFORNIA DEPARTMENT OF
15   CORRECTIONS AND
     REHABILITATION, ETC., ET AL.,
16
              Defendants.
17

18

19              Defendants Matthew Cate and S. M. Salinas (hereinafter collectively referred to as

20   "Defendants") seek dismissal from this action on the grounds that Plaintiffs Jonathon Alexander

21   and Amber Alexander (collectively referred to as "Plaintiffs") have failed to state a claim for

22   supervisory liability against them under 42 U.S.C. § 1983 and that Defendants cannot be

23   vicariously liable under California law for conduct of other state employees.  (*See* Defs.' Mot. to

24   Dismiss, ECF No. 94.)  Plaintiffs oppose Defendants' motion.  (*See* Pl.'s Opp., ECF No. 96.)

25   Defendants have filed a reply to plaintiffs' opposition.  (See Defs. Reply, ECF No. 97.)  The

26   Court has carefully considered the arguments presented by the parties.  For the reasons set forth

27   below, Defendants' motion (ECF No. 94) is DENIED.

28

                                            1

1      **I.      Factual Background**

2              Plaintiffs, the children of Jonathan Guy Alexander (Alexander), filed their

3      Complaint against Defendants on March 8, 2011.  (Compl., ECF No. 2.)  The instant complaint

4      was filed on May 6, 2014.  (*See* Third Am. Compl. ("TAC"), ECF No. 91.)  The TAC alleges that

5      on June 3, 2010, at approximately 7:18 p.m. Alexander, an inmate in the custody of Defendant

6      California Department of Corrections and Rehabilitation (CDCR) and housed at Deuel Vocational

7      Institution (DVI) was found unconscious in his cell.  (ECF No. 91 at 2.)  "No attempts were made

8      to perform CPR or other life-saving measures on Alexander."  (ECF No. 91 at ¶ 57.)  At 8:18

9      p.m., Alexander was "pronounced dead by strangulation."  (ECF No. 91 at 2.)  Alexander's

10     cellmate, John Joseph Lydon (Lydon), who had been transferred into the cell that day, confessed

11     to strangling Alexander.  (ECF No. 91 at 2.)

12             Alexander had previously been convicted of child molestation offenses and was

13     serving a six-month prison term for a parole violation.  (ECF No. 91 at 2.)  Alexander had been

14     received into CDCR custody for the parole violation on February 25, 2010, transferred to DVI on

15     March 3, 2010, and housed on single-cell status until the day he was killed.  (ECF No. 91 at 2.)

16     Lydon was serving a sentence of 15 years to life in prison following his 2004 conviction on

17     charges of murdering another cellmate who had also been convicted of child molestation.  (ECF

18     No. 91 at 2, ¶ 40.)  Lydon had been on single cell status from 2004 until June 3, 2010, when

19     Defendant Captain Lozano ordered Lydon celled with Alexander.  (ECF No. 91 at 2.)

20             Plaintiffs' TAC contains eight claims stemming from Alexander's death.  In

21     relevant part, Claims Four through Eight are raised against Defendants.[1]  (ECF No. 91 at 36–43.)

22     Defendant Cate is the former Secretary of CDCR and Defendant S. M. Salinas is the former

23     Warden of DVI.  (ECF No. 91 at 1.)  Claims Four, Five, and Six are based on a theory of

24     supervisory liability.  (ECF No. 91 at 36–41.)  Claim Four is for deliberate indifference to

25     Alexander's safety in violation of the Eighth Amendment.  (ECF No. 91 at 36.)  Claim Five is for

26     

27     [1] These claims are also raised against former California Governor Arnold Schwarzenegger.  Although summons was issued for former Governor Schwarzenegger on March 9, 2011 (ECF No. 7), there is no proof that he has been served with process.  Accordingly, good cause appearing, Plaintiffs will be ordered to show cause why said Defendant

28     should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

1  loss of parent/child relationship in violation of the Fourteenth Amendment.  (ECF No. 91 at 41.)

2  Claim Six is for deliberate indifference to serious medical needs, health and safety in violation of

3  the Eighth Amendment.  (ECF No. 91 at 41.)  Claim Seven is a state law wrongful death claim,

4  and Claim Eight is a state law claim for failure to summon necessary medical care.  (ECF No. 91

5  at 41.)  Defendants seek dismissal on each claim contending that Plaintiffs have failed to state a

6  claim for supervisory liability under 42 U.S.C. § 1983 and/or that Defendants cannot be held

7  vicariously liable on Plaintiffs' state law claims.

8  ## II.    Standard of Law

9  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and

10  plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*,

11  556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give

12  the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell*

13  *Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified

14  notice pleading standard relies on liberal discovery rules and summary judgment motions to

15  define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema*

16  *N.A.*, 534 U.S. 506, 512 (2002).

17  On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations of

18  the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is

19  bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-

20  pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746,

21  753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his

22  claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has

23  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

24  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

25  678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

26  Nevertheless, a court "need not assume the truth of legal conclusions cast in the

27  form of factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th

28  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

1   an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

2   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

4   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

6   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

7   been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

8   459 U.S. 519, 526 (1983).

9          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged

10  "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697

11  (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her]

12  claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.

13  *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands

14  more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This

15  plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its

16  judicial experience and common sense." *Id.* at 679.

17         In ruling upon a motion to dismiss, the court may consider only the complaint, any

18  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

19  Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

20  *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

21  1998).

22         If a complaint fails to state a plausible claim, "'[a] district court should grant leave

23  to amend even if no request to amend the pleading was made, unless it determines that the

24  pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d

25  1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir.

26  1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of

27  discretion in denying leave to amend when amendment would be futile).  Although a district court

28  should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's

4

1  discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended

2  its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

3  2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

4  **III.   Analysis**

5  As noted above, Defendants contend as follows: that Plaintiffs have failed to allege

6  sufficient facts to support a claim against them based on a theory of supervisory liability; that

7  Defendants cannot be held vicariously liable on the state law claims for the acts or omissions of

8  other state employees; and that Defendants are immune from liability for discretionary acts,

9  including alleged negligent training and supervision, under California Government Code § 820.2.

10  The Court addresses each argument in turn.

11  **A. Supervisory Liability**

12  It is well settled that plaintiffs may sue supervisors under 42 U.S.C. § 1983 "when

13  culpable action, or inaction, is directly attributed to them."  *Starr v. Baca*, 652 F.3d 1202, 1205

14  (9th Cir. 2011).  As the United States Court of Appeals for the Ninth Circuit explained in *Starr*,

15
16  [a] defendant may be held liable as a supervisor under § 1983 "if
   there exists either (1) his or her personal involvement in the
17  constitutional deprivation, or (2) a sufficient causal connection
   between the supervisor's wrongful conduct and the constitutional
18  violation."  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).
   "[A] plaintiff must show the supervisor breached a duty to plaintiff
   which was the proximate cause of the injury.  The law clearly
19  allows actions against supervisors under section 1983 as long as a
   sufficient causal connection is present and the plaintiff was
20  deprived under color of law of a federally secured right."  *Redman*
   *[v. County of San Diego]*, 942 F.2d [1435], . . . 1447 [(9th Cir.
21  1991)].

22  "The requisite causal connection can be established ... by setting in
   motion a series of acts by others," *id.* (alteration in original; internal
23  quotation marks omitted), or by "knowingly refus[ing] to terminate
   a series of acts by others, which [the supervisor] knew or
24  reasonably should have known would cause others to inflict a
   constitutional injury," *Dubner v. City & Cnty. of San Francisco*,
25  266 F.3d 959, 968 (9th Cir. 2001).  "A supervisor can be liable in
   his individual capacity for his own culpable action or inaction in the
26  training, supervision, or control of his subordinates; for his
   acquiescence in the constitutional deprivation; or for conduct that
   showed a reckless or callous indifference to the rights of others."
27  *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)
   (internal alteration and quotation marks omitted).

28

*Id.* at 1207–08.   A plaintiff need not "allege that a supervisor was physically present when the injury occurred." *Id.*

> [T]o be held liable, the supervisor need not be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." [*Larez v. City of Los Angeles*, 946 F.2d 630, . . .] 645 [(9th Cir. 1991)].  Rather, the supervisor's participation could include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others."  *Id.* at 646 (internal citations, quotation marks, and alterations omitted).

*Id.* at 1205.  The complaint "'must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively'" and those factual allegations "'must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'"  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr*, 652 F.3d at 1216).

There are numerous allegations against Defendants in the TAC.  With respect to Defendant Cate, Plaintiffs allege that Cate "set in a motion a series of acts by his subordinates that he knew or reasonably should have known" would cause those subordinates to violate Alexander's constitutional rights by failing to follow or enforce "clearly established law and CDCR policy" regarding the classification and housing of inmates or to monitor circumstances in which such law and policy was implicated.  (ECF No. 91 at ¶ 113.)  Plaintiffs further allege that Cate "set in a motion a series of acts by his subordinates he knew or reasonably should have known" would cause those subordinates to violate Alexander's constitutional rights by failing to follow or enforce "clearly established law and CDCR policy" requiring immediate life support for inmates until necessary medical care arrived and to monitor circumstances in which such measures were required.  (ECF No. 91 at ¶ 114.)  Plaintiffs also contend that Cate was deliberately indifferent to the overcrowding at DVI and the consequences of such overcrowding; including that overcrowding could cause violations of law and safety policies concerning proper and safe cell placements.  (ECF No. 91 at ¶ 118.)

With respect to Defendant Salinas, the TAC includes the following allegations: (1) that she failed to follow law and policy concerning classification and housing of inmates; (2) she failed to follow law and policy concerning providing immediate life support to inmates pending arrival of medical staff; and (3) she was deliberately indifferent to overcrowding at DVI and the possible consequences including the inability to make safe housing placements, and in so doing set in motion a series of acts by her subordinates that she "knew or reasonably should have known" would cause the deprivation of placement of Lydon with Alexander and the death of Alexander.  (ECF No. 91 at ¶¶ 107-08, 112.)

Based on the foregoing, the Court finds that Plaintiffs' allegations that Defendants failed to follow or enforce relevant provisions of law and policy concerning inmate classification and provision of immediate life support and were deliberately indifferent to relevant consequences of prison overcrowding at DVI are sufficient to state cognizable claims for relief under 42 U.S.C. § 1983 against Defendants.   Therefore, the motion to dismiss the § 1983 claims against Defendants Cate and S. M. Salinas is DENIED.

**B.  State Law Claims**

Relying on California Government Code §§ 820.8 and 820.2, Defendants also seek dismissal of Plaintiffs' state law claims.  Plaintiffs' state law claims arise from the same factual allegations as their §1983 claims.

California Government Code § 820.8 provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

Cal. Gov't. Code § 820.8.  Plaintiffs' state law claims against Defendants are predicated on allegations that they "failed to supervise, train and monitor their subordinates to maintain proper supervision, classification and staffing and to provide Alexander with timely and adequate emergency care." (ECF No. 91 at ¶ 196.)  These allegations seek to predicate liability on Defendants for their own negligent or wrongful acts or omissions, not for the acts or omissions of other public employees.

7

California Government Code § 820.2 provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the acts or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused.

Cal. Gov't. Code § 820.2.  In applying this statute, "courts must distinguish between public employee's policy decisions and their operational, or ministerial decisions."  *AE ex rel. Hernandez*, 666 F.3d at 639 (citing *Barner v. Leeds*, 24 Cal. 4th 676, 685 (2000)).  The former are protected by § 820.2; the latter are not.  *See id.*

The alleged acts and omissions by Defendants Cate and Salinas that form the basis of Plaintiff's claims fall into the operational, rather than the policy-making category.  Thus, Defendants are not entitled to dismissal of the state law claims under California Government Code § 820.2.

## II.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 94) is DENIED.  It is hereby ORDERED AND ADJUDGED that

    1.    Defendants Cate and Salinas shall answer Plaintiffs' Third Amended Complaint within twenty (20) days from the date of this order; and

    2.    IT IS HEREBY ORDERED that within twenty days from the date of this order Plaintiff shall show cause in writing as to why Defendant Schwarzenegger should not be dismissed from this action pursuant to Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:  December 23, 2014

Troy L. Nunley
United States District Judge