UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN NICHOLAS ALEXANDER et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al., <br><br> Defendants. | Case No. 11-cv-00640-TLN-CKD <br><br><br> PROTECTIVE ORDER |

Good cause appearing pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Protective Order.

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or settling this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The Parties understand and agree that this Stipulated Protective Order is intended to preclude any Receiving Party from disclosing Protected Material except as permitted under the terms of this Order. The Parties further understand and agree that Protected Material produced by Defendant

CDCR pursuant to this Stipulated Protective Order has been so designated based on the position that such material implicates safety and security concerns of CDCR institutions and/or the privacy rights of inmates, CDCR staff members, or third parties, and that the public disclosure of such material would be detrimental to those interests.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). For information and items designated by Defendant CDCR as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," such materials include or may include information that, if publicly disclosed, would be detrimental to the privacy rights and safety and security of inmates, CDCR staff members, or third parties and therefore qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel of Record:  attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium

2

or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.9 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

2.12 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.13 <u>Sensitive Personal Information</u>: Social security numbers; taxpayer identification numbers; financial account numbers; and, for CDCR employees, birthdates, home addresses, and the names of spouses, children, or other family members.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

3

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial may be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties

1  that it is withdrawing the mistaken designation.

2        5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or
3  as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
4  under this Order must be clearly so designated before the material is disclosed or produced.

5        Designation in conformity with this Order requires:

6        (a)  for information in documentary form (e.g., paper or electronic documents, but
7  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
8  affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page that
9  contains protected material. If only a portion or portions of the material on a page qualifies for
10 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
11 appropriate markings in the margins).

12       (b)  for testimony given in deposition or in other pretrial proceedings, that the
13 Designating Party identify on the record, before the close of the deposition, hearing, or other
14 proceeding, all protected testimony.

15       (c)  for information produced in some form other than documentary and for any other
16 tangible items, that the Producing Party affix in a prominent place on the exterior of the container or
17 containers in which the information or item is stored the legend "CONFIDENTIAL - SUBJECT TO
18 PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection,
19 the Producing Party, to the extent practicable, shall identify the protected portion(s).

20       5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
21 designate qualified information or items does not, standing alone, waive the Designating Party's
22 right to secure protection under this Order for such material. A Designating Party may timely
23 correct an inadvertent failure to designate qualified information or items by providing notice of the
24 erroneous non-designation to the Receiving Parties and producing duplicate copies of the
25 Disclosure or Discovery Material with the legend "CONFIDENTIAL – SUBJECT TO
26 PROTECTIVE ORDER." Upon timely correction of a designation, Receiving Parties must make
27 reasonable efforts to assure that the properly designated material is treated in accordance with the
28 provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process within 10 days of the date of service of the notice.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 230 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, unless the parties stipulate in writing within the 21 day period to an extension of time to file. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the

6

Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for purposes prosecuting, defending, or attempting to settle the above-captioned litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of Protected Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

(a)  The Receiving Party's Counsel of Record and employees of Counsel of Record, including attorneys, support staff, legal assistants, paralegals, investigators and clerical staff who are

7

1   engaged in assisting in this action;

2       (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is
3   reasonably necessary for prosecution or defense or settlement of this litigation and who have signed
4   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5       (c)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom
6   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and
7   Agreement to Be Bound" (Exhibit A);

8       (d)  the Court and its personnel;

9       (e)  court or shorthand reporters, deposition videographers, and their staff;

10      (f)  during their depositions, witnesses in the action to whom disclosure is reasonably
11  necessary, with the agreement of the Designating Party. The party wishing to use Protected Material
12  during the deposition of a witness shall consult with the Designating Party prior to any disclosure,
13  and if the Designating Party so requests, shall require the witness to sign the "Acknowledgment and
14  Agreement to Be Bound" (Exhibit A) prior to being presented with any Protected Material. If the
15  Designating Party objects to the Receiving Party's request to use an item of Protected Material at a
16  deposition, even with the witness's agreement to sign the "Acknowledgement and Agreement to Be
17  Bound" (Exhibit A), and the issue is later decided against the Designating Party by the Court, the
18  Designating Party shall pay for the Receiving Party's reasonable expenses associated with any
19  continued deposition of the witness, including court reporter costs, witness fees, and travel expenses
20  (regardless of and in addition to any reasonable expenses and attorney's fees awarded pursuant to
21  Federal Rule of Civil Procedure 37(a)(5)), unless the Designating Party seeks and obtains a ruling
22  from the Court at the time the dispute is resolved that the award of such expenses would be unjust.
23  At the request of the Designating Party, any exhibit containing Protected Material and any pages
24  containing transcribed deposition testimony that reveals Protected Material may be separately bound
25  by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated
26  Protective Order.

27      (g)  the author or recipient of a document containing the information or a custodian or
28  other person who otherwise possessed or knew the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
>
> (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and
>
> (3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production

without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to move for modification of this Order in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. A Receiving Party wishing to file Protected Material with the Court must either obtain written permission from the Designating Party or must move to file the Protected Material under seal, and may not file Protected Material in the public record without having taken one of these two steps. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4   <u>Redaction of Personal Information</u>. The Designating Party is permitted to redact Sensitive Personal Information from the Protected Material produced under this protective order. If a Receiving Party disagrees with any redaction, it shall challenge the redaction using the procedure identified in paragraph 6 of this order (CHALLENGING CONFIDENTIALITY DESIGNATIONS).

12.5   <u>Compliance and Penalties</u>. The undersigned agree to comply with and to be bound by all the terms of this Stipulated Protective Order and understand and acknowledge that failure to so comply could expose the undersigned to sanctions and punishment in the nature of contempt.

11

**13.    FINAL DISPOSITION**

Upon final disposition of this action, as defined in paragraph 4, each Receiving Party shall recover all copies of Protected Material produced by the Designating Party that were provided to persons identified in Paragraph 7.2, subsections (a) through (c). Upon request by a Designating Party, a Receiving Party shall return all Protected Material to the Designating Party or destroy such material and shall, within 60 days of the request, submit to the Designating Party a written certification that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record of Receiving Parties are entitled to retain an archival copy of all pleadings, motion papers, discovery pleadings and productions, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

Dated:  December 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____[date] in the case of *Alexander et al. v. California Department of Corrections and Rehabilitation et al.*, Case No. 11-CV-00640-TLN-CKD (E.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____